IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CR-415 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| MARCUS BUTLER, | ) | |
| | ) | PROPOSED STATEMENT OF THE |
| Defendant. | ) | CASE, JURY INSTRUCTIONS AND |
| | ) | VERDICT FORMS |

Now comes the United States of America, through Carole S. Rendon, United States

Attorney, and Matthew B. Kall and Om Kakani, Assistant U.S. Attorney, and files this proposed

statement of the case, jury instructions, and verdict forms, pursuant to the terms of this Court's

Trial Order.

The United States has sent copies of these documents to defense counsel on April 12,

2016, and again on August 9, 2016, seeking to obtain the defense's concurrence to these

instructions or requested changes.  No response to the government's request was received.

Respectfully submitted,
CAROLE S. RENDON
United States Attorney

By:    /s/ *Matthew B. Kall*
Matthew B. Kall (NY: 3003738)
Om Kakani (NY: 4337705)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3600
(216) 522-8355 (facsimile)
Matthew.B.Kall@usdoj.gov
Om.Kakani@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ *Matthew B. Kall*
Matthew B. Kall
Assistant U.S. Attorney

## PROPOSED STATEMENT OF THE CASE

Defendant MARCUS BUTLER is charged in the superseding indictment with 61 counts of making false, fictitious, and fraudulent statements or representations in a matter within the jurisdiction of the U.S. Department of Housing and Urban Development and the U.S. Department of Labor.  Specifically, the superseding indictment alleges that MARCUS BUTLER submitted payroll forms that contained false information about what he paid his workers for their labor on federally funded projects for the Cuyahoga Metropolitan Housing Authority.  Counts 1-16 relate to materially false, fictitious, and fraudulent statements or representations BUTLER allegedly made about rates of pay for the Delaney Village project between August and November 2011.  Counts 17-39 relate to materially false, fictitious, and fraudulent statements or representations BUTLER allegedly made about rates of pay for the Riverside Park project between August 2011 and January 2012.  Counts 40-61 relate to materially false, fictitious, and fraudulent statements or representations BUTLER allegedly made about rates of pay for the Union Square project between May 2013 and October 2013.

The Defendant has entered pleas of not guilty to each of these charges.  The United States bears the burden of proving each element of each offense beyond a reasonable doubt.

## INDEX OF PROPOSED JURY INSTRUCTIONS

GENERAL PRINCIPLES-INTRODUCTION ............................................................................ 1

JURORS' DUTIES ............................................................................................................ 2

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT ............ 3

EVIDENCE DEFINED ...................................................................................................... 5

CONSIDERATION OF EVIDENCE ..................................................................................... 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................................... 7

CREDIBILITY OF WITNESSES ........................................................................................ 8

NUMBER OF WITNESSES ............................................................................................. 10

LAWYERS' OBJECTIONS ............................................................................................... 11

DEFINING THE CRIMES AND RELATED MATTERS - INTRODUCTION ......................... 12

SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH MULTIPLE
CRIMES ....................................................................................................................... 13

ON OR ABOUT ............................................................................................................. 14

INFERRING REQUIRED MENTAL STATE ....................................................................... 15

NATURE AND STATUTE DEFINING THE OFFENSES CHARGED IN THE INDICTMENT
IN COUNTS 1-61 ......................................................................................................... 16

ELEMENTS OF THE OFFENSE AS CHARGED IN COUNTS 1-61 ..................................... 17

SPECIAL EVIDENTIARY MATTERS - INTRODUCTION ................................................... 19

DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE (IF
APPLICABLE) ............................................................................................................... 20

DEFENDANT'S TESTIMONY (IF APPLICABLE) ............................................................... 21

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH ............ 22

SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE (IF
APPLICABLE) ............................................................................................................... 23

SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE (IF APPLICABLE)
.................................................................................................................................... 24

OTHER ACTS OF DEFENDANT ..................................................................................... 25

CONCEALMENT OF EVIDENCE ..................................................................................... 26

TRANSCRIPTIONS OF TAPE RECORDINGS ................................................................... 27

STATEMENT BY DEFENDANT ...................................................................................... 28

INTRODUCTION-DELIBERATION AND VERDICT ........................................................... 29

EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS . 30

UNANIMOUS VERDICT ................................................................................................. 31

iv

DUTY TO DELIBERATE ........................................................................................................ 32

PUNISHMENT ....................................................................................................................... 33

VERDICT FORM .................................................................................................................... 34

COURT HAS NO OPINION ................................................................................................... 35

JUROR NOTES ...................................................................................................................... 36

**General Principles-Introduction**

(1)      Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)      I will start by explaining your duties and the general rules that apply in every criminal case.

(3)      Then I will explain the elements, or parts, of the crime that the defendant, MARCUS BUTLER is accused of committing.

[(4) Then I will explain the defendant's position.]

(5)      Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)      And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)      Please listen very carefully to everything I say.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.01 (2014 Edition).

**Jurors' Duties**

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[(3)     The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.]

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.02 (2014 Edition).

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)     As you know, the defendant has pleaded not guilty to the crime charged in the superseding indictment. The superseding indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.03 (2014 Edition).

**Evidence Defined**

(1)     You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and [the stipulations that the lawyers agreed to.]

(3)     Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.04 (2014 Edition).

5

**Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 1.05 (2014 Edition).

**Direct and Circumstantial Evidence**

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.06 (2014 Edition).

**Credibility of Witnesses**

(1)      Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)      Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)      Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)      Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F)      Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it

8

may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

        (G)    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

        (3)    These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.07 (2014 Edition).

**Number of Witnesses**

(1)     One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.08 (2014 Edition).

**Lawyers' Objections**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.09 (2014 Edition).

**Defining the Crime and Related Matters - Introduction**

(1)      That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2)      But before I do that, I want to emphasize that the defendant is on trial for only the particular crime charged in the superseding indictment.  Your job is limited to deciding whether the government has proved each crime charged.

(3)      Also keep in mind that whether anyone else should be prosecuted and convicted for these crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 2.01 (2014).

12

**Separate Consideration--Single Defendant Charged With Multiple Crimes**

(1)     The defendant has been charged with committing the same crime multiple times. The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 2.01A (2014).

**On or About**

(1)      Next, I want to say a word about the dates mentioned in the superseding indictment.

(2)      The superseding indictment charges that the crimes happened "on or about" or "in or around" dates stated for the various counts.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.04 (2014 Edition).

**Inferring Required Mental State**

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.


<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.08 (2014).

**Nature and Statute Defining the Offenses Charged in the Superseding Indictment
Indictment in Counts 1-61**
(False statement in matter within jurisdiction of the executive branch of the Government of the
United States -18 U.S.C. § 1001)

(1)      Defendant MARCUS BUTLER is charged with 61 counts of making materially

false, fictitious, or fraudulent statements or representations in any matter within the jurisdiction

of the executive branch of the Government of the United States, in violation of Title 18, United

States Code, Section 1001.  Specifically, the Defendant is charged with falsely overstating the

rate of pay, gross amount earned, and net wages paid for week to workers on payroll forms he

submitted as subcontractor on projects administered by the Cuyahoga Metropolitan Housing

Authority (CMHA) that were funded or overseen by the U.S. Department of Housing and Urban

Development (HUD), or the Department of Labor (DOL), agencies of the executive branch of

the Government of the United States.

(2)      The defendant has pleaded not guilty to the charges.


Authority:

Superseding Indictment, filed February 10, 2016, *United States v. Butler,* Case No. 1:15CR415

(N.D. Ohio).

16

**Elements of the Offense as Charged in Counts 1-61**
(False Statement to Government Agency-18 U.S.C. § 1001)

(1)     The defendant is charged with making a false statement or representation in a matter within the jurisdiction of the United States government. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

 (A) First, that the defendant made a statement or representation;

 (B) Second, that the statement was false, fictitious, or fraudulent;

 (C) Third, that the statement or representation was material;

 (D) Fourth, that the defendant acted knowingly and willfully; and

 (E) Fifth, that the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

(2)     Now I will give you more detailed instructions on some of these terms.

 (A) A statement is "false" or "fictitious" if it was untrue when it was made, and the defendant knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, the defendant knew it was untrue at that time, and the defendant intended to deceive.

 (B) A "material" statement or representation is one that has the natural tendency to influence or is capable of influencing a decision or function of the U.S. Department of Housing and Urban Development (HUD) or Department of Labor (DOL), as administered through the Cuyahoga Metropolitan Housing Authority (CMHA).

 (C) An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.  The defendant

acted "willfully" if "he acted with knowledge that his conduct was unlawful."

    (D)    A matter is "within the jurisdiction of the executive branch of the United States government" if the U.S. Department of Housing and Urban Development (HUD) or Department of Labor (DOL) has the power to exercise authority in that matter.

    (3)    It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government that the statements were made directly to, or even received by, the United States government.

    (4)    If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 13.02 (2014)(modified).
*Bryan v. United States*, 524 U.S. 184, 193 (1998) (defining "willfully")

**Special Evidentiary Matters - Introduction**

(1)      That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position].  Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.01 (2014).

**Defendant's Election Not to Testify or Present Evidence (If applicable)**

(1)      A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)      Remember that it is up to the government to prove the defendant is guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.02A (2014).

**Defendant's Testimony (If applicable)**

(1)      You have heard the defendant MARCUS BUTLER testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)      You should consider those same things in evaluating the defendant's testimony.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.02B (2014).

**Impeachment by Prior Inconsistent Statement Not Under Oath**

(1)      You have heard the testimony of _____.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.


<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.04 (2014).

**Summaries and Other Materials Not Admitted in Evidence (If applicable)**

(1)     During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.12 (2014).

**Secondary- Evidence Summaries Admitted in Evidence (If applicable)**

(1)     During the trial you have seen or heard summary evidence in the form of [a chart,
drawing, calculation, testimony, or similar material].   This summary was admitted in evidence,
in addition to the material it summarizes, because it may assist you in understanding the
evidence that has been presented.

(2)     But the summary itself is not evidence of the material it summarizes, and is only
as valid and reliable as the underlying material it summarizes.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.12A (2014).

**Other Acts of Defendant**

(1)     You have heard testimony that the defendant committed acts other than the ones charged in the superseding indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, knowledge, and absence of mistake. You must not consider it for any other purpose.

(2)     Remember that the defendant is on trial here only for making false statements or representations to a government agency, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the superseding indictment beyond a reasonable doubt.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.13 (2014).

**Concealment of Evidence**

(1)      You have heard testimony that after the crime was supposed to have been committed, the defendant asked witnesses to sign paperwork that falsely indicated that the defendant had paid them a prevailing wage.

(2)      If you believe that the defendant did so, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may engage in such conduct for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.14 (2014)(modified).

**Transcriptions of Tape Recordings**

(1)      You have heard some audio recordings and seen a video recording that were received in evidence, and you were given some written transcripts of the tapes.

(2)      Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.17 (2014).

**Statement by Defendant**

(1)        You have heard evidence that the defendant, MARCUS BUTLER, made

statements in which the government claims he admitted certain facts. It is for you to decide

whether the defendant made those statements, and if so, how much weight they deserve. In

making these decisions, you should consider all of the evidence about the statements, including

the circumstances under which the defendant allegedly made them.

(2)        You may not convict the defendant solely upon his own uncorroborated statement

or admission.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.20 (2014).

**Introduction-Deliberation and Verdict**

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or whatever your vote happens to be. That should stay secret until you are finished.


Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.01 (2014 Edition).

**Experiments, Research, Investigation and Outside Communications**

(1)      Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)      During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another jurors violation of these instructions.

(3)      You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Authority:  Pattern Crim. Jury Instr. 6th Cir. 8.02 (2014 Edition).

**Unanimous Verdict**

(1)      Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)      To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)      To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)      Either way, guilty or not guilty, your verdict must be unanimous.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.03 (2014 Edition).

## Duty to Deliberate

(1)      Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)      But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)      No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)      Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.


Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.04 (2014 Edition).

**Punishment**

(1)      If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)      Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)      Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.05 (2014 Edition).

**Verdict Form**

(1) I have prepared verdict forms that you should use to record your verdict. The forms read as follows: _____.

(2) If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.


<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.06 (2014 Edition).

**Court Has No Opinion**

(1)      Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.


<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.09 (2014 Edition).

**Juror Notes**

(1)      Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)      Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.10 (2014 Edition).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CR-415 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS BUTLER, | ) | |
| | ) | |
| Defendant. | ) | <u>VERDICT FORM</u> |

As to each Count of the Superseding Indictment charging the defendant, MARCUS

BUTLER, with making materially false, fictitious, or fraudulent statements or representations in

any matter within the jurisdiction of the executive branch of the Government of the United

States, in violation of Title 18, United States Code, Section 1001, we, the Jury in this case,

having been duly impaneled and sworn, find the defendant, MARCUS BUTLER (enter in ink

"guilty" or "not guilty" on the line adjacent to each Count below):

| COUNT | GUILTY/NOT GUILTY |
|---|---|
| 1. | _____ |
| 2. | _____ |
| 3. | _____ |
| 4. | _____ |
| 5. | _____ |
| 6. | _____ |
| 7. | _____ |
| 8. | _____ |
| 9. | _____ |
| 10. | _____ |

11. _____

12. _____

13. _____

14. _____

15. _____

16. _____

17. _____

18. _____

19. _____

20. _____

21. _____

22. _____

23. _____

24. _____

25. _____

26. _____

27. _____

28. _____

29. _____

30. _____

31. _____

32. _____

33. _____

34. _____

35. _____

36. _____

37. _____

38. _____

39. _____

40. _____

41. _____

42. _____

43. _____

44. _____

45. _____

46. _____

47. _____

48. _____

49. _____

50. _____

51. _____

52. _____

53. _____

54. _____

55. _____

56. _____

57. _____

58. _____

59. _____

60.     _____

61.     _____


Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2016.

1._____          7._____
  FOREPERSON

2._____          8._____

3._____          9._____

4._____          10._____

5._____          11._____

6._____          12._____


DATE:_____